UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DANYETTA BLANFORD,
ARMEN DUPREE AND
JASON HUBBARD,

               Plaintiffs,

-against-

THE CITY OF NEW YORK &
N.Y.C. POLICE OFFICER SHAIMA
PETERSON, SHIELD # 4555,
AND N.Y.C. POLICE OFFICERS
"JOHN DOE (1)-(4)", EACH SUED
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,

               Defendants.

-----------------------------------------------------------X

VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL

POHORELSKY, M.J.

1. This is an action for compensatory and punitive damages for violation of Plaintiff's rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiffs are residents of New York City, Kings County, New York.

4. At all times hereinafter, the Defendant officers were employees of the New York City

Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are each sued individually and in their official capacity as N.Y.C. Police Officers. The defendant officers are only being sued for violations of plaintiff's federal civil rights.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about May 7, 2011, at approximately 10:30 P.M., plaintiff Armen Dupree was with his friends Jason Hubbard and Fritz Bonaventure outside of Mr. Dupree's residence located at 276 Chauncey Street, in Brooklyn, New York.

10. Mr. Dupree and his friends had just gotten into Mr. Dupree's car. They were on their way to a bar to watch a pay-per-view boxing match when they were stopped by the police for no apparent reason.

11. Upon stopping the vehicle, the police ordered Mr. Dupree and his friends out of the vehicle. They then proceeded to search all three occupants of the car. The search of Mr. Dupree, which took place in the street, involved taking his pants down to his ankles. No

contraband was found on any of the three individuals.

12. Nonetheless, all three persons were arrested and taken to the 81st precinct for processing.

13. Also arrested at the scene was Danyetta Blanford who happened to be standing nearby when the incident occurred.

14. Ms. Blanford was arrested as she tried to record the search of Mr. Dupree with her cell phone.

15. The Defendant officers falsely accused plaintiff Armen Dupree of Obstruction of Governmental Administration and Obstructing Vehicular or Pedestrian Traffic.

16. The police falsely claimed that Mr. Dupree prevented the police from arresting a person who had exited plaintiff's car with what appeared to be a gun by blocking the officer's vehicle with his vehicle.

17. Plaintiffs Hubbard and Blanford were each held for approximately 26 hours and 16 hours, respectively, before being released from Central Booking without formal charges being brought against them.

18. Plaintiff Dupree was held in custody for approximately 24 hours before being released by the judge at arraignment.

19. Defendant officers provided all of the information that was prepared in the paperwork regarding these false charges. The Defendant officer included in the documents material statements which he knew to be false.

20. Plaintiff Dupree was prosecuted criminally, and after three court appearances, Dupree agree to an Adjournment in Contemplation of Dismissal (ACD) on August 16, 2011.

21. Plaintiff suffered extreme and protracted pain and serious emotional injuries as a result of his incarceration and prosecution.

22. As a result of these unlawful searches and seizures, amounting to a violation of their civil rights, plaintiffs suffered degradation, humiliation, loss of reputation and esteem and various other emotional injuries, as well as economic harm.

## AS AND FOR A FIRST CAUSE OF ACTION
(FALSE ARREST)

23. Plaintiffs reiterate and reallege the facts stated in paragraphs 1-22 as if stated fully herein.

24. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiffs of their right to freedom from deprivation of liberty without due process of law in violation of their Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C.§ 1983.

25. Defendants subjected Plaintiffs to these deprivations of their rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

26. As a direct and proximate result of the acts of Defendants, Plaintiffs suffered psychological and economic injuries, endured great pain and mental suffering, and were deprived of their physical liberty.

## FOR A SECOND CAUSE OF ACTION
(Excessive Force- Dupree only)

27. Plaintiff reiterates and realleges the facts stated in paragraphs 1-26 as if stated fully herein.

28. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

29. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

30. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

31. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## AS AND FOR A THIRD CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS
(Monell Violation)

32. Plaintiffs reiterate and reallege the facts stated in paragraphs 1-31 as if stated fully herein.

33. Defendant City and Defendant N.Y.P.D., through its police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendants, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

34. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendants committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiffs' injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that Defendants, by their actions, violated Plaintiff's rights under state law, and under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States; and,

2. Enter a judgment, jointly and severally, against the Defendant officers and The City of

New York for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against each of the Defendant officers for punitive damages in the amount of One Million ($1,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       September 26, 2011

RESPECTFULLY,

STEVEN A. HOFFNER, ESQ.
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the Answer in this case and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       September 26, 2011

_____
STEVEN A. HOFFNER, Esq.